Carolyn Hunt Cottrell (SBN 166977)
ccottrell@schneiderwallace.com
David C. Leimbach (SBN 265409)
dleimbach@schneiderwallace.com
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105

(Additional counsel listed on next page)

*Attorneys for Plaintiff and Class Members*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBER SEYBERT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHLN, INC., LANDRY'S, INC., and LANDRY'S PAYROLL, INC.<br><br>Defendants. | Case No. '20 CV2529 H    KSC<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 1200 *et seq.*) – Failure to Pay All Gratuities Owed (Cal. Lab. Code § 351);<br>(2) Intentional Interference with Prospective Economic Advantage;<br>(3) Conversion;<br>(4) Unjust Enrichment;<br>(5) Failure to Pay Minimum Wage (Cal. Lab. Code § 1194);<br>(6) Failure to Compensate for All Hours Worked (Cal. Lab. Code § 204);<br>(7) Failure to Authorize and Permit and/or Make Available Rest Periods (Lab. Code §§ 226.7 and 512)<br>(8) Failure to Pay Vested Vacation Wages Upon Separation of Employment (Cal. Lab. Code § 227.3);<br>(9) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code § 226);<br>(10) Waiting Time Penalties (Cal. Lab. Code §§ 201-203);<br>(11) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*);<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Seybert, et al. v. CHLN, Inc., et al.*

1    Ryan M. Hecht (SBN 322396)
rhecht@schneiderwallace.com

2    **SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**

3    3700 Buffalo Speedway, Suite 960
Houston, Texas 77098

4    Tel: (713) 338-2560
Fax: (415) 421-7105

5

6    *Attorneys for Plaintiff and Class Members*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Seybert, et al. v. CHLN, Inc., et al.*

## **INTRODUCTION**

1.      Plaintiff Kimber Seybert, individually and on behalf of all others similarly situated, brings this class action against Defendant CHLN, Inc. ("Chart House"), Defendant Landry's, Inc. ("Landry's"), and Landry's Payroll, Inc. ("Landry's Payroll") (collectively "Defendants") on behalf of individuals who have worked for Defendants as servers, waitstaff, bartenders and other job positions with similar job duties, and have been subject to Defendants' service fee policies and practices (the "Class members") for civil penalties resulting from Defendants' violations of the California Labor Code as described herein. Throughout the relevant time period, Plaintiff and similarly situated workers have been denied payment for gratuity payments that comply with California law. This case implicates Defendants' longstanding policies and practices, which fail to properly compensate non-exempt service workers for gratuities paid to them as tip wages.

2.      Defendants impose mandatory gratuities on the sale of food and beverages, but fail to distribute the total proceeds of those gratuities to non-managerial service employees as required by California law. This conduct violates California Labor Code § 351, and the corresponding Business and Professions Code.

3.      In addition, Plaintiff and Class members were and are required to work additional time outside of their scheduled shifts to keep up with the demands of the job. Defendants were and are aware that Plaintiff and Class members are required to perform this off-the-clock work, but fail to pay them at the applicable hourly rates for this work time.

4.      Moreover, Plaintiff and Class members have been denied rest periods that comply with California law. Defendants maintain a longstanding policy and practice of failing to properly compensate non-exempt employees for missed rest periods that comply with California law.

5.      Further, upon information and belief, Defendants have unilaterally decided

1   to violate California law in relation to their vacation policy by forcing Plaintiff and

2   Class members to forfeit accrued vacation days, and have failed to pay all vested

3   vacation wages upon separation from employment.

4       6.      Plaintiff and Class members bring this claim to challenge Defendants'

5   policies and practices of: (1) failing to pay Plaintiff and Class members all tip wages

6   owed from gratuity payments; (2) failing to pay Plaintiff and Class members all

7   minimum wages owed; (3) failing to pay Plaintiff and Class members for all hours

8   worked; (4) failing to authorize and permit Plaintiff and Class members to take rest

9   breaks to which they are entitled by law; (5) failing to pay Plaintiff and Class members,

10  with vested vacation wages upon separation of employment; (6) failing to provide

11  Plaintiff and Class members accurate, itemized wage statements; and (7) failing to

12  timely pay Plaintiff and Class members full wages upon termination or resignation.

13      7.      Plaintiff files this action to recover all unpaid wages, compensation,

14  penalties, and other damages on behalf of herself and Class members under Federal

15  Rule of Civil Procedure 23. Plaintiff seeks to remedy the sweeping practices Defendants

16  integrated into their gratuity systems, time tracking policies, and payroll policies, that

17  have deprived Plaintiff and Class members of their lawfully-earned wages.

18                    **SUBJECT MATTER JURISDICTION AND VENUE**

19      8.      This court has jurisdiction over the subject matter of Plaintiff's state law

20  causes of action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)

21  ("CAFA"). Under CAFA, this court has original jurisdiction over Plaintiff's Rule 23

22  class action claims because the matter in controversy is believed to exceed $5,000,000,

23  and because Plaintiff and at least one of the Defendants are citizens of different states.

24  Moreover, the number of proposed class members in California is believed to exceed

25  100.

26      9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

27  Defendants employ numerous workers in this district, including Plaintiff, and a

28

1    substantial part of the events giving rise to Plaintiff's claims occurred within this
2    judicial district.

3                                   **PARTIES**

4        10.    Plaintiff Kimber Seybert is an individual over the age of eighteen, and at
5    all times relevant to this Complaint was a resident of the State of California, County of
6    San Diego.  Plaintiff was employed as a service worker by Defendants at Chart House
7    in Cardiff, California from August 2007 through May 2020.

8        11.    The Class members are all people who are or who have been employed by
9    Defendants as hourly non-exempt employees, including but not limited to, servers,
10   waitstaff, cooks, bussers, bartenders, hosts/hostesses, and other similar hourly and non-
11   exempt employees throughout the State of California within the four years preceding
12   the filing of this Complaint.

13       12.    Plaintiff is informed, believes, and thereon alleges that Defendant CHLN,
14   Inc. is a Delaware corporation, registered to do business in California. Defendant
15   CHLN, Inc. may be served with process by serving its registered agent, C T Corporation
16   System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

17       13.    Plaintiff is informed, believes, and thereon alleges that Defendant
18   Landry's, Inc. is a Texas corporation with its principal place of business in Houston,
19   Texas. Defendant Landry's, Inc. may be served with process by serving its registered
20   agent, Steven L. Scheinthal, 1510 West Loop South, Houston, Texas 77027.

21       14.    Plaintiff is informed, believes, and thereon alleges that Defendant Landry's
22   Payroll, Inc. is a Texas corporation, registered to do business in California. Defendant
23   Landry's Payroll, Inc. may be served with process by serving its registered agent, C T
24   Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California
25   90017.

26       15.    Plaintiff is informed, believes, and thereon alleges that Defendants
27   maintain a chain of restaurants in California. Plaintiff is informed, believes, and thereon

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Seybert, et al. v. CHLN, Inc. et al.*

alleges that Defendants employ Class members, among other hourly employees, throughout California.

16.    As the employers of Plaintiff and Class members throughout the relevant time periods, Defendants are liable for penalties for violating the Labor Code with respect to the employment of Plaintiff and Class members.

17.    At all material times, Defendants have done business under the laws of California, have had places of business in California, including in this County, and have employed Class members in this County and elsewhere in California.  Defendants are "person[s]" as defined in Labor Code § 18 and California Business and Professions Code § 17201. Defendants are also "employer[s]" as that term is used in the Labor Code and the IWC Wage Orders.

## FACTUAL ALLEGATIONS

18.    Defendants operate a chain of restaurants in California, including a Chart House in Cardiff, California. Defendants employ hundreds of hourly non-exempt workers similarly situated to Plaintiff across these facilities.

19.    Plaintiff worked at Chart House as a server from August 2007 to May 2020. Plaintiff was paid at an hourly rate of $12.00. On average, Plaintiff worked approximately seven hours each shift and five shifts per week. On average, Plaintiff worked 35 per week.

20.    As a matter of course, Defendants routinely add a service charge of 20% to their food and beverage bills for private parties, banquets, and other pre-planned events. These service charges have been in the form of automatic charges which customers are required to pay, and which reasonably appear to be gratuities for the service staff.

21.    It is typically customary in the hospitality industry that establishments impose gratuity charges in the range of 18% to 22% of the food and beverage bills. Thus, when customers have paid these mandatory service charges, it is reasonable for

the customers to believe those service charges are gratuities to be paid to the service staff. Indeed, because of the way these service charges are depicted to customers, and the custom in the food and beverage industry that gratuities range of 18% to 22% are paid for food and beverage service, customers pay these charges reasonably believing they were to be remitted to the service staff as gratuities.

22.    However, Defendants do not remit the total proceeds of these service charges to the non-managerial employees who serve the food and beverages. Instead, Defendants have a policy and practice of retaining for themselves a portion of those service charges and/or using a portion of the service charges to pay managers or other non-service employees. As a result, Plaintiff and Class members do not receive the total proceeds of the service charges as gratuities, to which they are entitled under California law.

23.    Furthermore, and as a matter of course, Defendants routinely make Plaintiff and Class members work off-the-clock, without providing them compensation, before they clock in before their shifts and after they clock out when their scheduled shift has ended. This time spent working off the clock is compensable, but nevertheless goes unpaid.

24.    Defendants encourage Plaintiff and Class members to arrive early before their shift is scheduled to start, but instruct them not to clock in within a few minutes before their scheduled start time. For example, Plaintiff would normally arrive 15 minutes before her scheduled start time, but would not clock in until her shift time actually started. During this time, Plaintiff would put on her uniform, get her utensils ready, and generally prepare for her shift. Similarly, Plaintiff and Class members are regularly directed by Defendants to clock out for their shifts within a few minutes of their scheduled end-of-shift time, but nonetheless are required to continue working after clocking out. On average, Plaintiff performed post-shift work while off-the-clock two to three times per week, spending on average twenty minutes of time performing

1    services such as doing a walk-through with the manager, performing a "check out" for

2    her sections, and cleaning up.

3           25.     As a result of these policies and practices, Defendants deny Plaintiff and

4    Class members compensation which they are lawfully owed, as well as the overtime

5    premiums resulting from the additional off-the-clock work beyond eight hours in a day.

6           26.     Plaintiff is informed, believes, and thereon alleges that the same pre-shift

7    and post-shift off-the-clock practices are utilized across Defendants' facilities

8    throughout California.

9           27.     Plaintiff is informed, believes, and thereon alleges that Defendants utilize

10    the same or substantially similar timekeeping mechanism throughout all of their stores

11    in California.

12           28.     Defendants' common course of wage-and-hour abuse includes routinely

13    failing to maintain true and accurate records of the hours worked by Class members. In

14    particular, Defendants have failed to record hours that Plaintiff and Class members

15    worked off-the-clock.

16           29.     Beyond Defendants' failure to authorize or permit rest breaks, Class

17    members' schedules are too busy, and Defendants' pressure to complete job

18    assignments is too constant for Class members to take compliant rest breaks.

19    Defendants monitor Plaintiff and other Class members throughout the day, directing

20    them to work without breaks.

21           30.     As a result of these policies, the time worked by Plaintiff and Class

22    members goes unrecorded and uncompensated. Further, Defendants fail to pay Plaintiff

23    and Class members premium wages for their missed breaks.

24           31.     Plaintiff is informed, believe, and thereon alleges that this policy and

25    practice applies to all Class members throughout California.

26    ///

27    ///

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Seybert, et al. v. CHLN, Inc. et al.*

32.     Additionally, and on information and belief, Defendants' vacation policy provides that employees, including Plaintiff and Class members accrue a certain number of vacation days each year depending upon the length of service with Defendants.

33.     Upon information and belief, Defendants implemented a "use it or lose it" policy with regard to accrued vacation, where employees who do not use their accrued vacation within the calendar year are forced to forfeit those vacation days at the beginning of the next calendar year.

34.     Plaintiff is informed, believes, and thereon alleges, that Defendants do not and did not pay Class members for all earned vacation time that was unused and improperly forfeited. Plaintiff is also informed, believes, and thereon alleges, that Defendants do not and did not pay Plaintiff and Class members for all earned vacation time upon separation of employment.  As a result, Plaintiff and Class members are harmed in being forced to improperly forfeit these earned vacation days.

35.     Defendants' failure to record all gratuity payments, all hours worked, and failure to provide accrued vacation payout also results in a failure to provide Class members, including Plaintiff, accurate itemized wage statements as required by California law. The wage statements Defendants provide are not accurate because they do not reflect the service charges that should be paid to Plaintiff and Class members as gratuity payments.

36.     Further, Defendants often do not provide Class members, including Plaintiff, with full payment of all wages owed at the end of employment. As these workers are owed for the service charges that should be paid to Plaintiff and the Class members as gratuity payments, compensation for all hours worked, as well as accrued vacation time payout, and these amounts remain unpaid under Defendants' policies and practices, Defendants fail to pay all wages due upon termination. As a consequence, Defendants are subject to waiting time penalties.

37.     Class members are employed by Defendants and performed work

1    materially similar to Plaintiff.

2        38.    Class members report to a facility owned, operated, or managed by

3    Defendants to perform their jobs.

4        39.    Class members perform their jobs under Defendants' supervision and

5    using materials and technology approved and supplied by Defendants.

6        40.    Class members are required to follow and abide by common work, time,

7    pay, meal and rest break, and overtime policies and procedures in the performance of

8    their jobs.

9        41.    At the end of each pay period, Class members receive wages from

10    Defendants that are determined by common systems and methods that Defendants select

11    and control.

12        42.    Defendants pay Class members on an hourly rate basis.

13        43.    Plaintiff Kimber Seybert regularly worked seven hours each shift and four

14    to five shifts per week. Plaintiff occasionally worked more than 8 hours in a day during

15    her employment with Defendants.

16        44.    Upon information and belief, Class members worked more than 8 hours a

17    day, and more than 40 hours in at least one workweek during the three years before this

18    Complaint was filed.

19        45.    Defendants have employed hundreds of people similarly situated to

20    Plaintiff during the four-year period prior to the filing of this Complaint.

21        46.    Defendants' method of paying Plaintiff and Class members was willful,

22    and was not based on a good faith and reasonable belief that their conduct complied

23    California law.

24        47.    Defendants' conduct was willful, carried out in bad faith, and caused

25    significant damages to non-exempt hourly employees in an amount to be determined at

26    trial.

27    ///

28

1    **RULE 23 CLASS ACTION ALLEGATIONS**

2    48.    Plaintiff brings causes of action as a class action on behalf of herself and

3    all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

4    The California Class that Plaintiff seeks to represent is defined as follows:

5    **All current and former hourly, non-exempt food and**
     **beverage service employees, including but not limited to**
6    **banquet servers, waitstaff, cooks, bussers, bartenders,**
     **hosts/hostesses, or non-managerial service workers**
7    **employed by Defendants in California any time starting**
     **four years prior to the filing of this Complaint until**
8    **resolution of this action.**

9    49.    This action has been brought and may properly be maintained as a class

10   action because there is a well-defined community of interest in the litigation and the

11   proposed class is easily ascertainable.

12   50.    Numerosity:  The potential members of the class are so numerous that

13   joinder of all the members of the Class is impracticable. Plaintiff is informed and

14   believes that the number of Class members exceeds 100. This volume makes bringing

15   the claims of each individual member of the class before this Court impracticable.

16   Likewise, joining each individual member of the Class as a plaintiff in this action is

17   impracticable. Furthermore, the identities of the Class will be determined from

18   Defendants' records, as will the compensation paid to each of them. As such, a class

19   action is a reasonable and practical means of resolving these claims. To require

20   individual actions would prejudice the Class and Defendant.

21   51.    Commonality:  There are questions of law and fact common to Plaintiff

22   and the Class that predominate over any questions affecting only individual members

23   of the Class. These common questions of law and fact include, but are not limited to:

24   a.  Whether Defendants have a policy and/or practice of charging a service

25       fee to customers and failing to remit the entirety of that service fee to

26       Class members as tip wages;

27   b.  Whether Defendants fail to provide Class members with timely,

28

accurate itemized wage statements in violation of the Labor Code and Wage Orders;

c.  Whether Defendants fail to timely pay Class members for all wages owed upon termination of employment in violation of the Labor Code;

d.  Whether Defendants violate Business and Professions Code §§ 17200 et seq., by:

(a) failing to compensate Class members for all tip wages paid to Defendants as a service charge;

(b) failing to compensate Class members for all hours worked;

(c) failing to pay Class members with vested vacation pay upon separation of employment;

(d) failing to provide putative Class members with timely, accurate itemized wage statements; and

(e) failing to timely pay putative Class members for all wages owed upon termination of employment.

e.  The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

52.  <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

53.  <u>Adequacy of Representation</u>:  Plaintiff seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Seybert, et al. v. CHLN, Inc. et al.*

1    adequately represent and protect the interests of the Class members.

2        54.    <u>Superiority of Class Action</u>:  A class action is superior to other available

3    means for the fair and efficient adjudication of this controversy. Individual joinder of

4    all proposed Class members is not practicable, and questions of law and fact common

5    to the Class predominate over any questions affecting only individual members of the

6    Class. Each proposed Class member has been damaged and is entitled to recovery by

7    reason of Defendants' illegal policies and/or practices. Class action treatment will allow

8    those similarly situated persons to litigate their claims in the manner that is most

9    efficient and economical for the parties and the judicial system.

10        55.    In the alternative, the Class may be certified because the prosecution of

11    separate actions by the individual members of the Class would create a risk of

12    inconsistent or varying adjudication with respect to individual members of the Class

13    which would establish incompatible standards of conduct for Defendants.

14        56.    If each individual Class member were required to file an individual

15    lawsuit, Defendants would necessarily gain an unconscionable advantage because

16    Defendants would be able to exploit and overwhelm the limited resources of each

17    member of the Class with Defendants' vastly superior financial legal resources.

18        57.    Requiring each individual Class member to pursue an individual remedy

19    would also discourage the assertion of lawful claims by the Class members who would

20    be disinclined to pursue these claims against Defendants because of an appreciable and

21    justifiable fear of retaliation and permanent damage to their lives, careers and well-

22    being.

23    **FIRST CAUSE OF ACTION**
**Violation of California Business and Professions Code §§ 17200 *et seq.***

24    **Gratuity Violation Pursuant to Labor Code § 351**
**(On Behalf of the Class)**

25

26        58.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though

27    fully set forth herein.

28

59.    Defendants' conduct, as set forth above, in failing to remit to non-managerial service employees the total proceeds of gratuities added to customers' bills constitutes a violation of California Labor Code § 351.

60.    This violation is enforceable pursuant to the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

61.    The violations of California Labor Code § 351, as well as the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq.*

62.    The acts and practices described above constitute unlawful, unfair, or fraudulent business acts or practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq.* Among other things, the acts and practices have taken from Plaintiff and Class members wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

63.    Business & Professions Code § 17203 provides that a court may take such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

64.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

65.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the Class members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and

payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

66.    Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself as well as others similarly situated. Plaintiff and putative Class members seek and are entitled to restitution of gratuity payments retained by Defendants, declaratory and injunctive relief, and all other equitable remedies owing to them.

67.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

68.    Defendants' conduct constitutes unlawful, unfair, or fraudulent business acts or practices, in that Defendants have violated California Labor Code § 351 in not remitting to the non-managerial service employees the total gratuities that are charged to customers.

69.    As a result of Defendants' conduct, Plaintiff and Class members suffered injury in fact and lost money and property, including the loss of gratuities to which they are entitled.

70.    Pursuant to California Business & Professions Code § 17203, Plaintiff and Class members seek declaratory and injunctive relief for Defendants' unlawful, unfair, and fraudulent conduct and to recover restitution.

71.    Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and Class members are also entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

72.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Intentional Interference with Prospective Economic Advantage**
**(On Behalf of the Class)**

73.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

74.    An economic relationship was created between Defendants' customers and Plaintiff and Class members at the time the customers were seated at a table that Plaintiff or Class members served. At that time, Plaintiff and Class members served Defendants' customers under the established custom and practice in the hospitality industry that they would receive a gratuity at the end of the relationship that correlated to the level of service provided.

75.    Defendants were aware of the relationship between their customers and Plaintiff and the Class members.

76.    Pursuant to the established custom and practice, Defendants' customers left gratuities for Plaintiff and the Class Members, including the mandatory service fee imposed by Defendants, Defendants wrongfully, and in violation of California Labor Code § 351, failed to remit the total proceeds of gratuities added to customers' food and beverage bills to non-managerial service employees.

77.    Defendants intended to, and/or knew that, by doing so it would disrupt the economic relationship between Defendants' customers and Plaintiff and the Class Members in that their conduct would reduce the gratuities received by Plaintiff and the Class Members for their work.

78.    Defendants' violation of Labor Code §351 did disrupt the economic relationship between Defendants' customers and Plaintiff and the Class Members.

79.    As a direct and proximate result of Defendants' interference, Plaintiff and Class Members suffered harm in that they did not receive the full value of the gratuities left to them by Defendants' customers.

///

80.    Plaintiff and Class members seek restitution, compensatory relief, and equitable relief.

81.    Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and Class members are also entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

82.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
### Conversion
### (On Behalf of the Class)

83.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

84.    Defendants' conduct in failing to remit the total proceeds of gratuities added to customers' food and beverage bills to non-managerial service employees constitutes conversion under California law.

85.    Plaintiff and Class members had a right of possession to the service fees paid by customers, who intended upon reasonable belief that the service fees would be remitted in total to Plaintiff and Class members as gratuity payments pursuant to the known custom in the hospitality industry that "service fees" are meant as gratuity payments to the service workers.

86.    Defendants intentionally and substantially interfered with Plaintiff and Class members' right of possession to the service fees paid by customers as gratuity payments, by taking possession of a portion of the service fees that were meant to be remitted to Plaintiff and Class members.

87.    Plaintiff and Class members did not consent to such an interference, and are directly and proximately harmed as a result of Defendants' conduct in taking a portion of the service fees.

88.    Plaintiff and Class members seek restitution, compensatory relief, and equitable relief.

89.     Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and Class members are also entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

90.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Unjust Enrichment**
**(On Behalf of the Class)**

91.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

92.     Defendants' conduct as set forth above constitutes unjust enrichment under California state common law. Specifically, Defendants misappropriated funds that Defendants' customers reasonably believed and intended to be gratuity payments to Plaintiff and Class members. Defendants misappropriated these funds by deceitfully labelling a mandatory surcharge as a "service fee," which reasonably leads customers to believe such a "service fee" would be remitted in total to the service workers as a gratuity, i.e., the gratuity fee for the service rendered.

93.     Defendants were unjustly enriched by receipt of the monetary benefit from the "service fees" charged to customers at the expense of Plaintiff and Class members, who were the original intended recipients of those "service fees" according to the known custom in the hospitality industry.

94.     Defendants should therefore be required to disgorge all ill-gotten gains as a result of failing to remit the entirety of gratuity proceeds charged to Defendants' customers to service employees.

95.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

///

///

///

///

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Seybert, et al. v. CHLN, Inc. et al.*

**FIFTH CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**Pursuant to Labor Code §§ 1182.12, 1194, 1194.2, 1197, and 1197.1**
**and IWC Wage Order No. 10-2001(4)**
**(On Behalf of Plaintiff and Putative Class Members)**

96.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

97.    During the applicable statutory period, California Labor Code §§ 1182.12 and 1197, and the IWC Wage Order 10-2001(4) were in full force and effect and required that Defendants' hourly employees receive the minimum wage for all hours worked at the rate of ten dollars and fifty cents ($10.00) per hour commencing January 1, 2016, ten dollars and fifty cents ($10.50) per hour commencing January 1, 2017, eleven dollars ($11.00) per hour commencing on January 1, 2018, twelve dollars ($12.00) per hour commencing on January 1, 2019, and thirteen dollars ($13.00) per hour commencing January 1, 2020.

98.    Defendants maintain, and have maintained, policies and procedures which create a working environment where hourly employees in the putative Class are routinely not compensated for time worked for at least the statutory minimum wage. Plaintiff and putative Class members frequently work time off-the-clock during time spent pre-shit and post-shift, and as a result of unfavorable rounding policies, which is time worked that is uncompensated.

99.    As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and putative Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorney's fees, costs of suit pursuant to Labor Code §§ 1194, 1194.2, and 1197.1.

100.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

///

### SIXTH CAUSE OF ACTION
**Failure to Pay for All Hours Worked Pursuant to the California Labor Code § 204**
**(On Behalf of Plaintiff and Putative Class Members)**

101.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

102.   Defendants willfully engaged in and continue to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in their control.

103.   Defendants regularly schedule Plaintiff and the putative Class members to work shifts of seven to eight hours. However, Defendants intentionally and willfully require Plaintiff and putative Class members to complete additional work off-the-clock. For example, Plaintiff and Class members are regularly required to arrive to work approximately fifteen minutes before clocking in, and to perform work for the benefit of Defendants, including but not limited to donning their uniforms, getting their utensils ready, and generally preparing for their shifts. Similarly, Plaintiff and Class members are regularly directed by Defendants to clock out for their shifts within a few minutes of their scheduled end-of-shift time, but nonetheless are required to continue working after clocking out. On average, Plaintiff performed post-shift work while off-the-clock two to three times per week, spending on average twenty minutes of time performing services such as doing a walk-through with the manager, performing a "check out" for her sections, and cleaning up. On information and belief, Class members are subject to the same pre-shift and post-shift policies and practices. As a result, Defendants fail to pay Plaintiff and the putative Class members for all hours worked and fail to accurately track all of their actual hours worked.

104.   Labor Code § 204 provides in part that "all wages, ..., earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

///

105.    Labor Code §1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

106.    Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

107.    Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

108.    IWC Wage Order 10-2001(2)(H) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

109.    Defendants require Plaintiff and the putative Class to work off-the-clock without compensation.  In other words, Plaintiff and the putative Class are forced to perform work for the benefit of Defendants without compensation.

110.    In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and the putative Class with compensation for all time worked. Defendants regularly fail to track all of the time Plaintiff and the putative Class actually work. As a result, Defendants regularly fail to compensate Plaintiff and the putative Class for all hours worked. Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and the putative Class members' rights. Plaintiff and the putative Class are thus entitled to recover actual and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

111.    As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

112.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**
**Failure to Authorize and Permit and/or Make Available Rest Periods (Labor Code §§ 226.7 and 512)**
**(On Behalf of Plaintiff and Putative Class Members)**

113.    Plaintiff re-alleges and incorporate the foregoing paragraphs as though fully set forth herein.

114.    Defendants routinely do not make rest periods available to Plaintiff and Class members.  Despite long days regularly lasting at least 8 hours, Defendants direct Plaintiff and Class members to work without breaks.

115.    Plaintiff and Class members are not paid one hour of premium pay for the missed breaks. Rather, Defendants require Plaintiff and Class members to remain on duty for the entirety of their shifts, besides their 30-minute meal break. As a result Plaintiff and Class members are routinely denied compliant rest periods.

116.    Labor Code §§ 226.7 and 512 and the applicable Wage Orders requires Defendants to authorize and permit rest periods to their employees. Labor Code § 226.7 and the applicable Wage Orders require employers to authorize and permit employees to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable Wage Orders.

117.    Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted. Similarly, an employer must pay an employee denied a required rest period

one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

118.    Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to authorize and permit and/or make available to Plaintiff and the Class the ability to take the off-duty rest periods to which they are entitled. Defendants have also failed to pay Plaintiff and the Class one hour of pay for each off-duty rest period that they are denied. Defendant's conduct described herein violates Labor Code §§ 226.7 and 512.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and the Class are entitled to compensation for the failure to authorize and permit and/or make available rest periods, plus interest, attorneys' fees, expenses and costs of suit.

119.    As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.

120.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**EIGHTH CAUSE OF ACTION**
**Failure to Pay Vested Vacation Wages Upon Separation of Employment**
**Pursuant to Labor Code § 227.3**
**(On Behalf of the Class)**

121.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

122.    California Labor Code § 227.3 states as follows:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served[.]

123.    As a general principle, California law prohibits an employer from requiring the forfeiture of vacation time. *Rhea v. Gen. Atomics* (2014) 227 Cal. App. 4th 1560,

1571, 174 Cal. Rptr. 3d 862, 870. California has a policy of "jealously protect[ing]" wages for the benefit of employees, and the effect of "section 227.3" and interpreting cases is to "prohibit *any* forfeiture of a private employee's vested vacation time." *Boothby v. Atlas Mech., Inc.* (1992) 6 Cal. App. 4th 1595, 1601, 8 Cal. Rptr. 2d 600, 604. Under California law, "vacation pay is not a gratuity or a gift, but is, in effect, additional wages for services performed." *Suastez v. Plastic Dress-Up Co.* (1982) 31 Cal. 3d 774, 779. When an employer offers vacation pay pursuant to either policy or contract, it "constitutes deferred wages for services rendered." *Id.* at 784.

124. "When vacation is earned during a period of employment (for example, two weeks of paid vacation annually) and the employee does not complete the period, section 227.3 requires compensation for a pro rata share of the unused vacation based on the percentage of the period completed." *Boothby*, 6 Cal. App. 4th at 1601.

125. A "use it or lost it" vacation policy provides for forfeiture of vested vacation if not used within a designated time, while a "no additional accrual" vacation policy prevents an employee from earning vacation over a certain limit. Although both policies achieve virtually the same result, the former is impermissible and the latter permissible. *Id.*

126. Defendants have violated § 227.3 by failing or refusing to pay wages in lieu of vested vacation time after employees' separation from employment. On information and belief, Defendants have further violated § 227.3 and California law by implementing a "use it or lose it" policy which forces employees to forfeit accrued but unused vacation time on a yearly basis.

127. Defendants are liable to Plaintiff and the Class members for the unpaid wages owed as vested vacation and penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

128. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

///

**NINTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226**
**(On Behalf of the Class)**

129.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

130.   Defendants do not provide Plaintiff and Class members with accurate itemized wage statements as required by California law.

131.   Labor Code § 226(a) provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee ….   The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

132.   IWC Wage Order 4-2001(7) establishes similar wage statement requirements.

133.   Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding

1    an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

2    134.   Plaintiff seeks to recover actual damages, costs and attorneys' fees under

3    this section.

4    135.   Defendants do not provide timely, accurate itemized wage statements to

5    Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the

6    IWC Wage Orders. The wage statements Defendants provide their employees,

7    including Plaintiff and putative Class members, do not accurately reflect the actual

8    hours worked, tip wages earned, actual gross wages earned, or actual net wages earned.

9    136.   Defendants are liable to Plaintiff and the putative Class alleged herein for

10    the amounts described above in addition to the civil penalties set forth below, with

11    interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and

12    costs as set forth below, pursuant to Labor Code § 226(e).

13    137.   Wherefore, Plaintiff and the putative Class request relief as hereinafter

14    provided.

15                            **TENTH CAUSE OF ACTION**
     **Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
16                            **(On Behalf of the Class)**

17    138.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though

18    fully set forth herein.

19    139.   Defendants do not provide Class members with their wages when due

20    under California law after their employment with Defendants ends.

21    140.   Labor Code § 201 provides:

22    If an employer discharges an employee, the wages earned and
23    unpaid at the time of discharge are due and payable immediately.

24    141.   Labor Code § 202 provides:

25    If an employee not having a written contract for a definite
26    period quits his or her employment, his or her wages shall
     become due and payable not later than 72 hours thereafter,
27    unless the employee has given 72 hours previous notice of his
     or her intention to quit, in which case the employee is entitled
28    to his or her wages at the time of quitting.

---
24
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Seybert, et al. v. CHLN, Inc. et al.*

142. Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

143. Plaintiff and some of the putative Class members left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from both the tip wages retained by Defendants as well as the time spent working for the benefit of Defendants, which went unrecorded and/or uncompensated.

144. Defendants willfully refused and continue to refuse to pay Plaintiff and Class members all the wages that were due and owing to them, in the form of uncompensated tip wages, compensation for all hours worked, and accrued but unused vacation time payout upon the end of their employment. As a result of Defendants actions, Plaintiff and Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

145. Defendants' willful failure to pay Plaintiff and Class members the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Defendants are liable to Plaintiff and Class members for all penalties owing pursuant to Labor Code §§ 201-203.

146. In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

147. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

///

///

///

**ELEVENTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§ 17200 *et seq.***
**(On Behalf of the Class)**

148.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

149.   California Business and Professions Code § 17200, et seq., prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

150.   Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

151.   Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

152.   Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

        a.   violations of Labor Code §§ 204, 1194, and IWC Wage Order 4-2001 pertaining to payment of wages;

        b.   violations of Labor Code §§ 226.7 and 512 pertaining to rest periods;

        c.   violations of Labor Code § 227.3 pertaining to vested vacation wages upon separation for employment;

        d.   violations of Labor Code § 226 regarding accurate, timely itemized wage statements;

        e.   violations of Labor Code § 351 for failure to remit to non-managerial service employees the total proceeds of gratuities added to Defendants' customers' bills; and

f.  violations of Labor Code §§ 201-203 pertaining to waiting time penalties.

153.  The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 et seq.

154.  The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 et seq. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

155.  Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

156.  As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

157.  Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest, and in that regard, Plaintiff sues on behalf of herself as well as others similarly situated. Plaintiff and putative Class members seek and are entitled to gratuity

1    payments retained by Defendants, unpaid wages, declaratory and injunctive relief, and

2    all other equitable remedies owing to them.

3        158.   Plaintiff herein takes upon herself enforcement of these laws and lawful

4    claims. There is a financial burden involved in pursuing this action, the action is seeking

5    to vindicate a public right, and it would be against the interests of justice to penalize

6    Plaintiff by forcing her to pay attorneys' fees from the recovery in this action.

7    Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and

8    otherwise.

9        159.   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

10   **<u>PRAYER FOR RELIEF</u>**

11       WHEREFORE, Plaintiff, on behalf of the Class members, requests the following

12   relief:

13   1.   An order certifying this case as a Class Action under Rule 23 of the Federal

14       Rules of Civil Procedure;

15   2.   Damages and restitution according to proof at trial for all unpaid gratuities,

16       wages and other injuries, as provided by California Labor Code and

17       California Business and Professions Code;

18   3.   For a declaratory judgment that Defendants violated the California Labor

19       Code, California law, and public policy as alleged herein;

20   4.   For a declaratory judgment that Defendants violated California Business

21       and Professions Code §§ 17200 *et seq.* as a result of the aforementioned

22       violations of the California Labor Code;

23   5.   For preliminary, permanent, and mandatory injunctive relief prohibiting

24       Defendants, their officers, agents, and all those acting in concert with them

25       from committing in the future those violations of law herein alleged;

26   6.   For an order requiring Defendants to disgorge all profits and other ill-

27       gotten gains resulting from their failure to remit the entirety of gratuities

28

to non-managerial service employees;

7. For an equitable accounting to identify, locate, and restore to all current and former employees the gratuities and wages they are due, with interest thereon;

8. For an order awarding Plaintiff and the Class members compensatory damages, including gratuities owed, lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts according to proof;

9. For an order awarding Plaintiff and Class members civil penalties pursuant to the California Labor Code, and the laws of the State of California, with interest thereon;

10. For an order awarding reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, and/or other applicable law;

11. For all costs of suit;

12. For interest on any penalties awarded, as provided by applicable law; and

13. For such other and further relief as this Court deems just and proper.

Date: December 30, 2020

Respectfully submitted,

*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell
David C. Leimbach
Ryan M. Hecht
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

Attorneys for Plaintiff and Class Members

29
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Seybert, et al. v. CHLN, Inc. et al.*

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff

3

is entitled to a jury.

4

5

Respectfully submitted,

6

Date: December 30, 2020

*/s/ Carolyn H. Cottrell*

7

Carolyn H. Cottrell
David C. Leimbach

8

Ryan M. Hecht
SCHNEIDER WALLACE

9

COTTRELL KONECKY LLP

10

Attorneys for Plaintiff and Class members

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Seybert, et al. v. CHLN, Inc. et al.*